# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GERARDO HUGO PUTKKURI, | CASE NO. 08cv1919 WQH (AJB) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| RECONTRUST COMPANY, DOE 1, DOES 2-50, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Complaint or, in the Alternative, for a More Definite Statement (Doc. # 4).

## Background

On or about August 12, 2008, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of San Diego. *Not. of Removal,* p. 2. On October 17, 2008, Defendant Recontrust Company ("Recontrust") removed the Complaint to this Court (Doc. # 1). The Complaint alleges that Plaintiff owns real property in San Marcos, CA (the "Property"). The Complaint alleges that Plaintiff has a residential loan for the Property secured by a Deed of Trust. The Complaint alleges that Recontrust is the appointed trustee to the Deed of Trust. The Complaint alleges that Defendants Recontrust, Doe 1, and Does 2-50 "are proceeding toward a Trustee's sale of" the Property. The Complaint alleges that Doe 1 is the "holder of the note identified in the [Deed of Trust]." *Complaint,* ¶ 7. The Complaint alleges:

> Doe 1 has no present right to initiate foreclosure under the [Deed of Trust] identified in the Notice of Sale . . . , nor does it have the right to direct the Recontrust Company to foreclose and sell the subject real property owned by Plaintiff. Recontrust Company has been put on notice of Plaintiff's claim in this regard, and demand has been made of Recontrust Company to suspend any foreclosure sale unless and until it has obtained proof that Doe 1 actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by Recontrust Company. Recontrust Company has failed and refused to suspend the sale of the property or to provide proof of the basis of the right of Doe 1 to initiate foreclosure under the [Deed of Trust].

*Id.,* ¶ 8. The Complaint alleges that Plaintiff demanded written proof of Defendants' right to proceed in foreclosure, and that no such proof has been offered. The Complaint alleges that Defendants have "engaged[d] in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so;" and have used the United States mail in furtherance of their conspiracy. *Id.,* ¶¶ 9, 13. The Complaint alleges that in pursuing non-judicial foreclosure, Defendants falsely represented that they had a right to payment under Plaintiff's residential loan, which was secured by the Deed of Trust.

The Complaint alleges causes of action for "Unfair Debt Collection Practices;" "Predatory Lending Practices;" and "RICO." *Complaint,* p. 8-9. In support of the cause of action for Unfair Debt Collection Practices, the Complaint alleges that Defendants "have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788(e) and (f)," ("RFDCPA"), the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692, *et seq.*" ("FDCPA"), and the Real Estate Settlement Procedures Act . . . , 12 U.S.C. §§ 2601-2617" ("RESPA"). *Id.,* ¶¶ 19, 20. In support of the cause of action for Predatory Lending Practices, the Complaint alleges that "[a]ssuming arguendo that Defendant, Doe 1 does have the right . . . to initiate foreclosure . . . then Defendant Doe 1 is subject to defenses that would have been available against Decision One Mortgage Company, LLC" ("Decision One"), the initial Lender identified in the Deed of Trust. *Id.,* ¶ 22. The Complaint alleges that Decision One Mortgage Company, LLC "has engaged in deceptive practices with respect to Plaintiff . . . the specifics of which are unknown," in violation of the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1637

1  ("HOEPA"), the Truth in Lending, 15 U.S.C. § 1601 ("TILA"), Regulation Z, 12 C.F.R. 226,
2  and the Federal Trade Commission Act, 15 U.S.C. §§ 41-58 ("FTC Act"). *Id.,* ¶ 23.  In support
3  of the cause of action for RICO, the Complaint alleges that "Defendants and each of them were
4  participating in and have participated in a scheme of racketeering as that term is defined in
5  RICO 18 U.S.C. §§ 1961, *et seq.*"  *Id.,* ¶ 26.
6        On October 24, 2008, Recontrust filed the Motion to Dismiss.  Plaintiff has not filed an
7  opposition to the Motion to Dismiss.

## Standard of Review

9        A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
10 the legal sufficiency of the pleadings.  *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.
11 1978).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where
12 the factual allegations do not raise the right to relief above the speculative level.  *See Bell*
13 *Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be
14 dismissed for failure to state a claim where the allegations plausibly show that the pleader is
15 entitled to relief.  *See id.* (citing Fed R. Civ. P. 8(a)(2)).  In ruling on a motion pursuant to Rule
16 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and
17 must accept as true all material allegations in the complaint, as well as any reasonable
18 inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003);
19 *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

## Analysis

21 A.    <u>Recontrust's Right to Initiate the Foreclosure Process</u>

22       Recontrust contends that, as trustee under Plaintiff's Deed of Trust, it has the right to
23 initiate the foreclosure process on behalf of Plaintiff's lender and the owners of the note.
24 Recontrust contends that California law does not require production of the original note to
25 proceed with a non-judicial foreclosure.  Defendant therefore contends that "Plaintiff's
26 allegation that Defendant has no right to foreclose on his property is incorrect."  *Mot. to*
27 *Dismiss,* p. 6.

28

1  Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of
2 Trust has the right to initiate the foreclosure process. Cal. Civ. Code § 2924(a). Production
3 of the original note is not required to proceed with a non-judicial foreclosure. *Id.* Viewing the
4 allegations in the light most favorable to Plaintiff, the Complaint does not establish that
5 Defendant, as trustee of the Deed of Trust, lacks the right to initiate the foreclosure process.
6 B.  Cause of Action for Unfair Debt Collection Practices
7  Recontrust contends that the Complaint fails to state a claim under the RFDCPA or the
8 FDCPA because the Complaint does not allege that Defendants engaged in any harassment or
9 abuse; that the Defendants used false or misleading representations; or that Defendants
10 engaged in any unfair practices. Recontrust contends that the Complaint fails to state a claim
11 under the RESPA because "Plaintiff does not allege any improper kickbacks in violation of 12
12 U.S.C. § 2607," and "[t]o the extent that Plaintiff claims disclosure-related violations, the
13 claims must be dismissed because there is no private right of action under the disclosure rules
14 of RESPA." *Mot. to Dismiss,* p. 7.
15  To be liable for a violation of the FDCPA or the RFDCPA, the defendant must - as a
16 threshold requirement - be a "debt collector" within the meaning of the Acts. *Heintz v.*
17 *Jenkins,* 514 U.S. 291, 294 (1995); Cal. Civ. Code § 1788.2(c). The "activity of foreclosing
18 on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of
19 the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)
20 (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure
21 proceedings pursuant to a deed of trust under the FDCPA). The Complaint fails to state a
22 claim under the FDCPA or the RFDCPA because Plaintiff challenges the lawfulness of
23 foreclosure proceedings on her home pursuant to a deed of trust; Plaintiff does not allege that
24 Defendants were debt collectors, collecting a debt within the meaning of the FDCPA or the
25 RFDCPA.
26  The Complaint does not identify the provisions of the RESPA that Defendants violated.
27 The Complaint does not allege improper kickbacks in violation of 12 U.S.C. 2607, or that
28 Recontrust was a "loan servicer" as required for a violation of 12 U.S.C. section 2605. To the

1 extent the Plaintiff is attempting to assert disclosure-related violations, there is no private right
2 of action under the disclosure rules of the RESPA. *Bloom v. Martin,* 865 F. Supp. 1377, 1384-
3 85 (N.D. Cal. 1994). The Court concludes that the Complaint fails to state a claim under the
4 RESPA.

5 C.    Cause of Action for Predatory Lending Practices

6      Recontrust contends that the Complaint fails to state a claim under the HOEPA, TILA,
7 Regulation Z or the FTC Act because Plaintiff has not alleged that Defendants engaged in any
8 deceptive practices, or that Defendants were involved in the origination of Plaintiff's loan.

9      In support of the cause of action for Predatory Lending Practices, the Complaint alleges
10 wrongdoing on the part of Decision One. Decision One is a third party not named as a
11 defendant. The Complaint alleges Decision One committed unspecified acts which violated
12 unspecified provisions of federal law. The Complaint does not allege that any of the named
13 Defendants engaged in deceptive practices or otherwise engaged in predatory lending
14 practices. The Court concludes that the Complaint fails to state a claim for predatory lending
15 practices because Plaintiff does not allege that any of the named Defendants engaged in
16 conduct that violated the HOEPA, TILA, Regulation Z or FTC Act.

17 D.    Cause of Action for RICO

18      Recontrust contends that the cause of action for RICO fails because "Plaintiff's
19 Complaint does not contain the required allegations." *Mot. to Dismiss,* p. 9. Recontrust
20 contends that the Complaint does not allege that Plaintiff's loan constitutes an "unlawful debt;"
21 or that Defendant engaged in "any indictable acts punishable by a year or more in prison, let
22 alone the two or more criminal acts required to show a 'pattern of racketeering activity' under
23 18 U.S.C. §§ 1961(5) and 1962." *Id.,* p. 8-9.

24      To state a RICO claim, the plaintiff must allege the existence of an "enterprise" and the
25 connected "pattern of racketeering activity." 18 U.S.C. § 1962; *United States v. Turkette,* 452
26 U.S. 576, 582 (1981). "The Ninth Circuit has held that allegations of predicate acts under
27 RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris*
28 *Graphics Corp.,* 757 F. Supp. 1053, 1061 (N.D. Cal. 1991) (citing *Schreiber Distributing Co.*

*v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1400-01) (9th Cir. 1986). A RICO plaintiff must allege the time, place and manner of each act of fraud, and the role of each defendant in the fraud. *Lancaster Community Hospital v. Antelope Valley Hospital Dist.,* 940 F.2d 397, 405 (9th Cir. 1991). Aside from the conclusory allegation that "Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in RICO 18 U.S.C. §§ 1961, *et seq,*" Plaintiff fails to allege with any specificity the existence of a RICO enterprise, or the conduct of a pattern of racketeering. The Court concludes that the Complaint fails to state a claim under RICO.

### Conclusion

The Motion to Dismiss (Doc. # 4) is **GRANTED.** The above-captioned action is **DISMISSED.**

DATED: January 5, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge